UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT L. REESE, Derivatively on Behalf of Nominal Defendant FIFTH THIRD BANCORP,<br><br>Plaintiff,<br><br>v.<br><br>GREG D. CARMICHAEL, TAYFUN TUZUN, FRANK FORREST, NICHOLAS K. AKINS, B. EVAN BAYH III, JORGE L. BENITEZ, KATHERINE B. BLACKBURN, EMERSON L. BRUMBACK, C. BRYAN DANIELS, THOMAS H. HARVEY, GARY R. HEMINGER, JEWELL D. HOOVER, EILEEN A. MALLESCH, MICHAEL B. MCCALLISTER, MARSHA C. WILLIAMS, JERRY W. BURRIS, DARRYL F. ALLEN, ULYSSES L. BRIDGEMAN, JR., JAMES P. HACKETT, KEVIN T. KABAT, and HENDRIK G. MEIJER,<br><br>Defendants,<br><br>and<br><br>FIFTH THIRD BANCORP,<br><br>Nominal Defendant. | Case No. 1:20CV886<br><br>J. McFARLAND<br><br> |

**MOTION TO SEAL VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Pursuant to Local Rule 5.2.1, plaintiff Robert L. Reese hereby moves the Court to issue an order authorizing the sealing of his Verified Shareholder Derivative Complaint (the "Complaint"). The Complaint contains and refers to confidential Fifth Third Bancorp ("Fifth Third" or the "Company") board materials that were produced to plaintiff by Fifth Third subject to a

1

confidentiality agreement requiring that any court filings referencing the confidential material be filed under seal.

"[T]rial courts have always been afforded the power to seal their records when their interests of privacy outweigh the public's right to know. But…the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978).

Here, prior to filing suit, plaintiff made a demand to inspect Fifth Third's books and records pursuant to Ohio Revised Code Section 1701.37(c). The Company agreed to produce certain responsive documents subject to a confidentiality agreement negotiated between the parties. Fifth Third believes the books and records it produced contain non-public and confidential business, financial, proprietary, or commercially sensitive information of the Company. It is "customary" that production of corporate books and records in response to a shareholder demand be "conditioned upon a [reasonable] confidentiality [agreement]." *Pershing Square, L.P. v. Ceridian Corp.*, 923 A.2d 810, 820 (Del. Ch. 2007) (involving the production of documents in response to a shareholder demand under the Delaware statute analogous to Ohio Revised Code Section 1701.37(c)). As the *Pershing* court explained, while shareholders and the public have a legitimate interest in monitoring the conduct of corporate fiduciaries like the defendants in this action, strong countervailing factors counsel for sealing of the Complaint pursuant to the parties' confidentiality agreement:

> The potential harm to, and chilling effect on, the candid communications between high ranking executives and the board is significant. "If any stockholder can make

> public the preliminary discussions, opinions, and assessments of board members and other high-ranking employees, it will surely have a chilling effect on board deliberations" and on important relations and communications between directors and executives. Directors, while they set the strategic vision of the company and monitor the managers in carrying out that vision, usually are not involved in the daily inner workings of the company. Executives, on the other hand, are exposed in this manner. Thus, executives may provide an invaluable source of information regarding highly relevant topics such as employee morale, employee efficiency, employee mismanagement, and a plethora of other topics. In order to keep directors well-informed in this regard, it is important as a policy matter that we protect the confidentiality of communications.

*Pershing Square*, 923 A.2d at 823 (quoting *Disney v. Walt Disney Co.*, C.A No. 234-N, 2005 WL 1538336, at *4 (Del. Ch. June 20, 2005)).

The foregoing policy rationale particularly supports granting the motion to seal. In this shareholder derivative action, plaintiff asserts claims on behalf of the nominal defendant, Fifth Third. The Company is also a defendant in a securities class action involving overlapping facts pending in the U.S. District Court for the Northern District of Illinois, *Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds v. Fifth Third Bancorp*, C.A. No. 1:20-cv-02176 (the "Securities Class Action"). Were the Court to deny the motion to seal, the Company's defense in the Securities Class Action could be prejudiced. Fifth Third voluntarily produced the confidential information to plaintiff after negotiation of the confidentiality agreement and should not now be penalized for fulfilling its obligations under Ohio law in response to a shareholder inspection demand.

For the foregoing reasons, plaintiff respectfully requests that the Court grant his motion to seal the Complaint.

Dated: November 4, 2020        By:   /s/ Andrew Kimble
                                                         Andrew Kimble

                                                         **BILLER & KIMBLE, LLC**
                                                         Andrew Kimble
                                                         Philip Krzeski

8044 Montgomery Road, Suite 515
Cincinnati, Ohio 45236
Telephone: (513) 715-8711
akimble@billerkimble.com
pkrzeski@billerkimble.com

Andrew Biller
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
abiller@billerkimble.com

**GLANCY PRONGAY & MURRAY LLP**
Matthew M. Houston
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, New York 10019
Telephone: (212) 935-7400
E-mail: bsachsmichaels@glancylaw.com

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: rprongay@glancylaw.com

**LAW OFFICE OF ALFRED G. YATES, JR. PC**
Alfred G. Yates, Jr.
300 Mt. Lebanon Blvd, Suite 206-B
Pittsburgh, PA 15219
Tel: (412) 391-5164

*Counsel for Plaintiff Robert L. Reese*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Clerk of Court on November 4, 2020. I certify that all Defendants will be served with this Motion in accordance with the Federal Rules of Civil Procedure. Once service is complete, I will submit a certificate of service.

*/s/ Andrew Kimble*
Andrew Kimble
