UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT L. REESE, Derivatively on Behalf of Nominal Defendant FIFTH THIRD BANCORP, <br><br> Plaintiff, <br><br> v. <br><br> GREG D. CARMICHAEL, TAYFUN TUZUN, FRANK FORREST, NICHOLAS K. AKINS, B. EVAN BAYH III, JORGE L. BENITEZ, KATHERINE B. BLACKBURN, EMERSON L. BRUMBACK, C. BRYAN DANIELS, THOMAS H. HARVEY, GARY R. HEMINGER, JEWELL D. HOOVER, EILEEN A. MALLESCH, MICHAEL B. MCCALLISTER, MARSHA C. WILLIAMS, JERRY W. BURRIS, DARRYL F. ALLEN, ULYSSES L. BRIDGEMAN, JR., JAMES P. HACKETT, KEVIN T. KABAT, and HENDRIK G. MEIJER, <br><br> Defendants, <br><br> and <br><br> FIFTH THIRD BANCORP, <br><br> Nominal Defendant. | Case No. 1:20-cv-00886 <br><br> Judge Matthew W. McFarland |

**AMENDED MOTION TO SEAL VERIFIED SHAREHOLDER DERIVATIVE
COMPLAINT AND PERMIT FILING OF REDACTED VERSION**

Pursuant to Local Rule 5.2.1, plaintiff Robert L. Reese hereby moves the Court to issue an order authorizing the sealing of his Verified Shareholder Derivative Complaint (the "Complaint") and permitting filing of the proposed redacted version of the Complaint attached hereto as Exhibit A.

1

As set forth in Plaintiff's initial motion to seal, filed concurrently with the Complaint on November 4, 2020 (ECF No. 2), the Complaint contains and refers to confidential Fifth Third Bancorp ("Fifth Third" or the "Company") board materials that were produced to Plaintiff by Fifth Third subject to a confidentiality agreement requiring that any court filings referencing the confidential material be filed under seal. As the Court is aware, at commencement of the action, the entire docket (rather than just the Complaint) was erroneously sealed preventing the parties from viewing the docket via the electronic case filing system. On November 16, 2020, Plaintiff filed a motion seeking to clarify the motion to seal such that only the Complaint would be sealed and the docket would be publicly viewable. ECF No. 5. The same day, the Court entered an order denying the original motion seal without prejudice and directing Plaintiff to file a renewed motion and redacted version of the Complaint within fourteen days. ECF No. 6. At the time of the Court's November 16, 2020 order, however, the docket remained sealed and was not viewable electronically. Plaintiff's counsel did not receive, and still has not received, notice of the Court's November 16, 2020 order by email or U.S. mail. Believing the Court had not entered an order on the motion to seal, on December 7, 2020, Plaintiff's counsel attempted to access the docket using the electronic case filing system and became aware of the November 16, 2020 order. Plaintiff immediately prepared this amended motion to seal and the redacted version of the Complaint. Plaintiff hereby respectfully requests that the Court grant this amended motion to seal, permit the Complaint to remain under seal, and permit filing of the redacted version of the Complaint attached hereto outside of the 14 day deadline set in the Court's Order because Plaintiff only became aware of the Order on December 7, 2020.

"[T]rial courts have always been afforded the power to seal their records when their interests of privacy outweigh the public's right to know. But…the decision as to when judicial

records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978).

Here, prior to filing suit, Plaintiff made a demand to inspect Fifth Third's books and records pursuant to Ohio Revised Code Section 1701.37(c). The Company agreed to produce certain responsive documents subject to a confidentiality agreement negotiated between the parties. Fifth Third believes the books and records it produced contain non-public and confidential business, financial, proprietary, or commercially sensitive information of the Company. It is "customary" that production of corporate books and records in response to a shareholder demand be "conditioned upon a [reasonable] confidentiality [agreement]." *Pershing Square, L.P. v. Ceridian Corp.*, 923 A.2d 810, 820 (Del. Ch. 2007) (involving the production of documents in response to a shareholder demand under the Delaware statute analogous to Ohio Revised Code Section 1701.37(c)). As the *Pershing* court explained, while shareholders and the public have a legitimate interest in monitoring the conduct of corporate fiduciaries like the defendants in this action, strong countervailing factors counsel for sealing of the Complaint pursuant to the parties' confidentiality agreement:

> The potential harm to, and chilling effect on, the candid communications between high ranking executives and the board is significant. "If any stockholder can make public the preliminary discussions, opinions, and assessments of board members and other high-ranking employees, it will surely have a chilling effect on board deliberations" and on important relations and communications between directors and executives. Directors, while they set the strategic vision of the company and monitor the managers in carrying out that vision, usually are not involved in the daily inner workings of the company. Executives, on the other hand, are exposed in this manner. Thus, executives may provide an invaluable source of information regarding highly relevant topics such as employee morale, employee efficiency,

3

> employee mismanagement, and a plethora of other topics. In order to keep directors well-informed in this regard, it is important as a policy matter that we protect the confidentiality of communications.

*Pershing Square*, 923 A.2d at 823 (quoting *Disney v. Walt Disney Co.*, C.A No. 234-N, 2005 WL 1538336, at *4 (Del. Ch. June 20, 2005)).

The foregoing policy rationale particularly supports granting the motion to seal. In this shareholder derivative action, Plaintiff asserts claims on behalf of the nominal defendant, Fifth Third. The Company is also a defendant in a securities class action involving overlapping facts pending in the U.S. District Court for the Northern District of Illinois, *Heavy & General Laborers' Local 472 & 172 Pension and Annuity Funds v. Fifth Third Bancorp*, C.A. No. 1:20-cv-02176 (the "Securities Class Action"). Were the Court to deny the motion to seal, the Company's defense in the Securities Class Action could be prejudiced. Fifth Third voluntarily produced the confidential information to Plaintiff after negotiation of the confidentiality agreement and should not now be penalized for fulfilling its obligations under Ohio law in response to a shareholder inspection demand.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his amended motion to seal the Complaint permit filing of a redacted version of the Complaint.

Dated: December 07, 2020					By: */s/ Andrew Kimble*
							Andrew Kimble
							**Biller & Kimble, LLC**
							8044 Montgomery Road, Suite 515
							Cincinnati, Ohio 45236
							Telephone: (513) 715-8711
							E-mail: akimble@billerkimble.com

							**GLANCY PRONGAY & MURRAY LLP**
							Matthew M. Houston
							Benjamin I. Sachs-Michaels
							712 Fifth Avenue
							New York, New York 10019
							Telephone: (212) 935-7400

4

E-mail: bsachsmichaels@glancylaw.com

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
E-mail: rprongay@glancylaw.com

**LAW OFFICE OF ALFRED G. YATES, JR. PC**
Alfred G. Yates, Jr.
300 Mt. Lebanon Blvd, Suite 206-B
Pittsburgh, PA 15219
Tel: (412) 391-5164

*Counsel for Plaintiff Robert L. Reese*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed electronically through the Court's CM/ECF system on December 7, 2020. To the extent any party has not yet entered an appearance, I certify that all Defendants will be served with this Motion in accordance with the Federal Rules of Civil Procedure. Once service is complete, I will submit a certificate of service.

                                                 */s/ Andrew Kimble*
                                                 Andrew Kimble