# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Robert L. Reese, *derivatively on behalf of nominal defendant Fifth Third Bancorp*, | |
| Plaintiff, | Case No. 1:20-cv-886 |
| Greg D. Carmichael, et al., | Judge McFarland |
| Defendants. | |

## MOTION TO TRANSFER VENUE OR STAY

Defendants move to transfer venue or stay this case under the first-to-file rule and 28 U.S.C. § 1404(a). A memorandum in support and proposed order are attached for the Court's consideration.

Respectfully submitted,

/s/Victor A. Walton, Jr.
Victor A. Walton, Jr. (0055241)
Jacob D. Mahle (0080797)
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease LLP
301 E. Fourth St., Suite 3500
Cincinnati, OH 45202
(513) 723-4000
vawalton@vorys.com
jdmahle@vorys.com
wrabrams@vorys.com

Marcie Lape
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
(312) 407-0954
marcie.lape@skadden.com

*Attorneys for Defendants*

**Memorandum in Support**

**I.     Preliminary Statement**

This shareholder derivative case is already proceeding in the Northern District of Illinois. Plaintiff Robert Reese, an alleged shareholder of Fifth Third Bancorp ("Fifth Third"), purports to assert claims against various officers and directors of Fifth Third on behalf of the company. Plaintiffs' claims hinge on the allegations that Defendants knew that Fifth Third's sales strategies pushed its employees to engage in unauthorized customer account activity (such as opening new accounts without permission), that Defendants failed to appropriately address that unauthorized activity, and that Defendants made inaccurate statements in financial disclosures.

But four identical shareholder suits were pending and consolidated in the Northern District of Illinois ("Chicago Cases") before Plaintiff filed here. The complaints in the Chicago Cases assert identical claims based on allegations identical to Plaintiff's. The Chicago Cases are also proceeding in earnest: the court has established a leadership structure for the many plaintiffs' lawyers involved and set important deadlines, such as a deadline for plaintiffs' consolidated complaint, and a briefing schedule for Defendants' motion to dismiss that complaint. Because it would be a waste of the parties' and the Court's resources to have a copycat derivative suit proceed in this Court on a separate timeline, Defendants move to transfer or stay this case in favor of the Chicago Cases.

The Court should grant Defendants' motion for two reasons. First, the Court should exercise its inherent authority under the "first-to-file" rule to transfer or stay this case in favor of the earlier filed Chicago Cases. Under the first-to-file rule, when there are similar cases pending in different federal district courts, the first-filed case should proceed to judgment first to advance judicial comity and court efficiency. Applying the rule, this Court and others routinely transfer later-filed shareholder derivative suits like this one. Second, while the Court need not analyze

1

this request beyond the first-to-file rule, transfer is also warranted under 28 U.S.C. § 1404(a) because it would be more convenient and serve the interests of justice to coordinate identical derivative suits in the same venue.

## II. Background

### A. The Chicago Cases

Four shareholder derivative actions comprise the Chicago Cases: (1) *Pemberton v. Carmichael*, Case No. 20-cv-4115; (2) *Meyer v. Carmichael*, Case No. 20-cv-4244; (3) *Cox v. Carmichael*, Case No. 20-cv-4660; and (4) *Hansen v. Carmichael*, Case No. 20-cv-5339. Joint Initial Status Report, N.D. Ill. Case No. 1:20-cv-04115, Doc. 39 at PageID # 912. The cases were filed in summer 2020. Agreed Motion for Reassignment and Consolidation, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36 ¶¶ 1-2, 5, 6. (*Pemberton* filed July 13, 2020; *Meyer* filed July 17, 2020; *Cox* filed August 7, 2020; *Hansen* filed September 10, 2020).

The Chicago Cases assert the same claims, against the same directors and officers of Fifth Third Bancorp, based on the same allegations. The complaints allege that Defendants knew that Fifth Third's sales strategies pushed employees to engage in unauthorized customer account activity, failed to appropriately address that unauthorized activity, and made inaccurate statements in financial disclosures. Agreed Motion for Reassignment and Consolidation, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36 ¶ 12. And they claim violations of § 14 of the Securities Exchange Act of 1934 ("Exchange Act"); violations of § 10(b) of the Exchange Act and SEC Rule 10b-5; violations of § 20(a) of the Exchange Act; breach of fiduciary duty; unjust enrichment; and waste of corporate assets. *Id.* ¶ 13.

In September 2020, the Chicago Cases were consolidated before Judge Sara Ellis of the Northern District of Illinois as "*In re Fifth Third Bancorp Derivative Litigation*." Joint Initial Status Report, N.D. Ill. Case No. 1:20-cv-04115, Doc. 39 at PageID # 912. Since consolidation,

the court has entered multiple orders to allow the Chicago Cases to proceed efficiently. Among other things, the court has established a leadership structure for plaintiffs' counsel. Order, N.D. Ill. Case No. 1:20-cv-04115, Doc. 19. The court has also set a timeline for plaintiffs' consolidated complaint, which is to be filed in less than three weeks, and Defendants' deadline to move to dismiss that consolidated complaint, which follows shortly after the consolidated complaint. Minute Entry, N.D. Ill. Case No. 1:20-cv-04115, Doc. 40; Minute Entry N.D. Ill. Case No. 1:20-cv-04115, Doc. 46.

### B. This Case

Despite the foregoing, in November 2020, Plaintiff Robert Reese filed a shareholder derivative suit against the directors and officers of Fifth Third Bancorp in this Court. His complaint challenges the same alleged misconduct as the Chicago Cases, *see* Compl., Doc. 1 ¶¶ 57-173, and it asserts identical claims for breach of fiduciary duty, violations of § 14 of the Exchange Act, violations of § 10(b) of the Exchange Act and SEC Rule 10b-5, unjust enrichment, and violations of § 21(d) of the Exchange Act. *Id.* ¶¶ 179-215.

## III. Law & Argument

### A. The Court should transfer or stay this case under the first-to-file rule.

The Court should transfer or stay this case under the first-to-file rule. The first-to-file rule "provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first filed suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001). The Court should evaluate three factors in applying the rule: "(1) the chronology of the events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). The first "factor simply asks which of the two overlapping cases was filed first." *Id.*

3

at 790. The second factor does not require the parties to be "perfectly identical," only substantially similar. *Id.* Likewise, for the third factor, "the issues need only to substantially overlap"; the claims do not have to match exactly. *Id.* at 791. Ultimately, by transferring, staying, or even dismissing later-filed actions, courts strive to "preserve comity among federal courts of equal rank[,]" "conserve[] judicial resources," and "protect[] the parties and the courts from the possibility of conflicting results. *Zide Sport Shop of Ohio*, 16 F. App'x at 437 (citation omitted); *Baatz*, 814 F.3d at 789, 793.

This Court and others have transferred later-filed shareholder derivative suits and securities class actions to the jurisdictions where earlier-filed representative suits based on the same alleged corporate misconduct were pending. *See, e.g.*, *Huellemeier v. Teva Pharm. Indus., Ltd.*, No. 1:17-cv-485, 2017 U.S. Dist. LEXIS 190575, at *14 (S.D. Ohio Nov. 17, 2017); *City of Pontiac Gen. Emp. Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 3-12-0457, 2012 U.S. Dist. LEXIS 103569, at *6-7 (M.D. Tenn. July 25, 2012); *Osborne v. Employee Benefits Admin. Bd. of Kraft Heinz*, Nos. 2:19-cv-00307, 2:19-cv-00549, 2020 U.S. Dist. LEXIS 62443, at *36-38 (W.D. Pa. Apr. 9, 2020); *Goggins v. Alliance Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 235 (S.D.N.Y. 2011); *Stein v. Immelt*, No. 3:09cv808, 2010 U.S. Dist. LEXIS 14283, at *7 (D. Conn. 2010).

For example, in *Huellemeier*, the shareholder purported to bring a derivative action "based on alleged misrepresentations and omissions" in Teva Pharmaceutical's financial disclosures. 2017 U.S. Dist. LEXIS 190575, at *2-3. He claimed violations of § 11 of the Securities Act, 15 U.S.C. § 77k, breach of fiduciary duty, fraud, and breach of contract. *Id.* But putative class actions asserting similar claims based on the same "misrepresentations and omissions" alleged in *Huellemeier* had been filed and consolidated in the District of Connecticut.

4

*Id.* at \*4-7. So defendants moved to transfer under the first-to-file rule or, alternatively, 28 U.S.C. § 1404. *Id.* at \*4.

Applying the first-to-file factors, the court found "no dispute" that the Connecticut cases were "filed first." *Id.* at \*9. The court also rejected plaintiff's argument that differences in case styles (i.e., derivative action v. putative class actions) and some asserted claims weighed against transfer. *Id.* at \*9-13. The Court recognized those differences but found that "the parties and claims in this case are similar enough to [the Connecticut cases] to make transfer appropriate":

> [B]oth actions involve alleged misrepresentations in Teva's [financial disclosures]. Both actions involve allegations that Teva engaged in price-fixing . . . . Both actions include claims for violation of Section 11 of the Securities Act . . . . Based on these similarities, it is highly likely that there will be a substantial overlap in discovery and briefing in the two cases . . . . It also seems likely that the failure to transfer this case would create the possibility of inconsistent judgments . . . .

*Id.* The Court thus granted Defendants' motion and transferred under the first-to-file rule. *Id.* at 14.

Transfer under the first-to-file rule is likewise appropriate here. As in *Huellemeier*, the Chicago Cases were filed before this case. *Compare* Agreed Motion for Reassignment and Consolidation, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36 ¶¶ 1-6, *with* Compl., Doc. 1. The parties, alleged facts, and claims are virtually identical, meaning that "there will be a substantial overlap in discovery and briefing." *Compare* Agreed Motion for Reassignment and Consolidation, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36 ¶¶ 12-13, *with* Compl., Doc. 1 ¶¶ 57-173, 179-215. In other words, "[t]hese facts strongly suggest that, were this Court to keep this case, its actions, from case management to rulings on motions to trial, would very substantially duplicate the efforts" of the judge presiding over the Chicago Cases. *Ltd. Serv. Corp. v. M/V APL Peru*, No. 2:09-cv-1025, 2010 U.S. Dist. LEXIS 53632, at \*16-17 (S.D. Ohio May 25, 2010)). "It also seems likely that the failure to transfer this case would create the possibility of

5

inconsistent judgments[,]" *Huellemeier*, 2017 U.S. Dist. LEXIS 190575, at *13, given that the Chicago Cases are proceeding on a consolidated case management plan and no schedule has been entered here. *See Buffalo Wild Wings, Inc. v. BW Rings, LLC*, No. 2:10-cv-335, 2010 U.S. Dist. LEXIS 130747, at *9 (S.D. Ohio Nov. 29, 2010) (holding that any decision from this Court "would not only tend to frustrate the legitimate aim of preserving judicial economy, as substantially the same evidence would be presented in both actions . . . but [would also pose] the possibility of inconsistent opinions.").

The minor differences between this case and the Chicago Cases do not warrant deviation from the first-to-file rule. For instance, some of the Chicago Cases assert claims for violations of § 20(a) of the Exchange Act and waste of corporate assets, which are absent from Plaintiff's Complaint, while the Plaintiff here asserts a claim under § 21(d) of the Exchange Act, which is absent from the Chicago Cases.[1] The claims (most of which match exactly) are premised on the same core of alleged facts, which is all that is required. *See Huellemeier*, 2017 U.S. Dist. LEXIS 190575, at *13; *Baatz*, 814 F.3d at 790. It is also irrelevant that a few individuals are named in this case but not the Chicago cases[2] because there is still substantial overlap in the Fifth Third directors and officers named as parties. *See Huellemeier*, 2017 U.S. Dist. LEXIS 190575, at *13; *Baatz*, 814 F.3d at 790.

Given the substantial similarity between this case and the earlier-filed Chicago Cases, the Court should transfer this matter to the Northern District of Illinois under the first-to-file rule.

---

[1] Pemberton Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-2 ¶¶ 253-97, *and* Meyer Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-3 ¶¶ 238-82, *and* Cox Complaint, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-4 ¶¶ 293-351, *and* Hansen Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-5 ¶¶ 183-217, *with* Compl., Doc. 1 ¶¶ 179-215.

[2] *Compare* Pemberton Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-2, *and* Meyer Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-3, *and* Cox Complaint, N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-4, *and* Hansen Compl., N.D. Ill. Case No. 1:20-cv-04115, Doc. 36-5, *with* Compl., Doc. 1 (naming Frank Forrest, Eva Bayh III, Darryl F. Allen, Ulysses L. Bridgeman, Jr., James P. Hackett, Kevin T. Kabat, and Hendrik G. Meijer as additional Defendants).

### B. Alternatively, the Court should transfer this case under 28 U.S.C. § 1404(a).

Alternatively, the Court should transfer this case to the Northern District of Illinois under 28 U.S.C. § 1404(a). To be clear, "[a] motion to transfer venue under § 1404(a) . . . is distinct from a motion to transfer under the first-to-file doctrine." *Cook v. E.I du Pont de Nemours & Co.*, No. 3:17-cv-00909, 2017 U.S. Dist. LEXIS 122436, at *7 (M.D. Tenn. Aug. 3, 2017). The former "asks a court to transfer a proceeding for the convenience of the parties, whereas the latter is a doctrine rooted in judicial comity." *NCR Corp. v. First Fin. Computer Servs.*, 492 F. Supp. 2d 864, 868 (S.D. Ohio 2004). So if the Court rules that the first-to-rule applies (***it does***), the Court need not address § 1404(a). *Huellemeier*, 2017 U.S. Dist. LEXIS 190575, at *14 ("Because transfer is appropriate under the first-to-file rule, the Court need not determine if the transfer would also be appropriate on the alternative basis of 28 U.S.C. § 1404.").

But § 1404(a) transfer is also appropriate. That statute authorizes transfer when two requirements are met: (1) the plaintiff could have sued in the transferee court, and (2) the transfer would advance the interests of justice and convenience. 28 U.S.C. § 1404(a). And both requirements are met here.

First, Plaintiff could have sued, if at all, in the Northern District of Illinois. "The fact that all of the defendants named in this case are also defendants in related cases filed in [Chicago] and are defending those cases without having filed motions to dismiss for lack of personal jurisdiction or improper venue is at least *prima facie* evidence of their amenability to suit there." *Ltd. Serv. Corp.*, 2010 U.S. Dist. LEXIS 53632, at *16. Plaintiff also asserts a claim under the Securities Exchange Act of 1934, which allows for venue in "any . . . district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Moreover, there is no dispute that Fifth Third transacts business in Chicago, Illinois. *See, e.g.*, https://locations.53.com/search.html?q=chicago&types=3233%7C3234%7C3235.

7

Second, transfer would advance the interests of justice and convenience. "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice." *Pac. Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, 1:15-cv-416, 2016 U.S. Dist. LEXIS 5961, at *10 (S.D. Ohio Jan. 19, 2016) (citation omitted); *see also, e.g.*, *Certain Underwriters at Lloyd's v. Stonebridge Cas. Ins.*, No. 2:12-cv-160, 2012 U.S. Dist. LEXIS 192282, at *12 ("Although the cases are not identical, transferring this case to the Southern District of Florida will save a substantial amount of judicial time and resources."). Indeed, this Court has observed that existence of similar cases pending in other jurisdictions "so strongly favors transfers that other considerations become largely irrelevant." *Ltd. Serv. Corp.*, 2010 U.S. Dist. LEXIS 53632, at *16; *Pullins v. Palmero*, No. 3:08CV00118, 2009 U.S. Dist. LEXIS 133830, at *11-12 (S.D. Ohio Apr. 3, 2009) ("the overall 'interest of justice' ultimately implores that all related claims against Defendant be decided by a single court."). In other words, the pendency of the identical, earlier-filed Chicago Cases is "determinative[,]" *Jabo's Pharm., Inc. v. Cephalon, Inc.*, No. 2:09-CV-289, 2010 U.S. Dist. LEXIS 102003, at *7-8 (E.D. Tenn. Sept. 27, 2010), and the Court should transfer this case to the Northern District of Illinois.

## IV. Conclusion

For all these reasons, the Court should transfer this case to the Northern District of Illinois or, in the alternative, stay this case while the Chicago Cases proceed.

Respectfully submitted,

/s/Victor A. Walton, Jr.
Victor A. Walton, Jr. (0055241)
Jacob D. Mahle (0080797)
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease LLP
301 E. Fourth St., Suite 3500
Cincinnati, OH 45202
(513) 723-4000
vawalton@vorys.com
jdmahle@vorys.com
wrabrams@vorys.com

Marcie Lape
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606-1720
(312) 407-0954
marcie.lape@skadden.com

*Attorneys for Defendants*