**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| ROBERT L. REESE, Derivatively on Behalf of Nominal Defendant FIFTH THIRD BANCORP, | : : : : | Case No. 1:20-cv-886 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| GREG D. CARMICHAEL, *et al.*, | : : | |
| Defendants. | : | |

---

**ORDER GRANTING MOTION TO TRANSFER VENUE OR STAY (Doc. 16)**

---

This matter is before the Court on Defendants' Motion to Transfer Venue or Stay (Doc. 16). Plaintiff has filed a Response in Opposition (Doc. 19), to which Plaintiff has filed a Reply (Doc. 24), making this matter ripe for the Court's review.

## FACTS

### I. "Chicago Cases"

In the summer of 2020, four shareholder derivative lawsuits were filed in the Northern District of Illinois ("Chicago Cases"). *See Pemberton v. Carmichael*, Case No. 20-cv-4115 (filed on July 13, 2020); *Meyer v. Carmichael*, Case No. 20-cv-4244 (filed on July 17, 2020); *Cox v. Carmichael*, Case No. 20-cv-4660 (filed on August 7, 2020); and *Hansen v. Carmichael*, Case No. 20-cv-5339 (filed on September 10, 2020). The Chicago Cases assert the same claims, against the same defendants, based on the same allegations: "the officers and directors of Fifth Third Bancorp . . . breached their

fiduciary duties, were unjustly enriched, wasted corporate assets, and committed

violations of Sections 14(a), 10(b), and 20(a) of the Securities Exchange Act [of 1934],"

("Exchange Act"), as well as SEC Rule 10b-5, "by issuing false and misleading

statements and omissions related to alleged employee misconduct with customer

accounts." *In re Fifth Third Bancorp Derivative Litigation*, No. 20-cv-4115 (N.D. Ill.

September 18, 2020) (Doc. 36, "Agreed Motion for Reassignment and Consolidation.")

So, in September 2020, the Chicago Cases were consolidated before Judge Sara

Ellis of the Northern District of Illinois. *Id.*

## II.    Present Lawsuit

A few months later, Plaintiff Robert L. Reese filed the present derivative lawsuit,

which challenges the same alleged misconduct as the Chicago Cases. Namely, he

alleges Fifth Third's officers and directors knew that the company's sales strategies

pushed employees to engage in unauthorized customer account activity (*e.g.*, opening

new accounts without permission), failed to appropriately address that unauthorized

activity, and made inaccurate statements in financial disclosures.

There are only minor differences between the present case and the Chicago

Cases. For instance, some of the Chicago Cases assert claims for violations of § 20(a) of

the Exchange Act and waste of corporate assets, which are absent from Plaintiff's

Complaint, while the Plaintiff here asserts a claim under § 21(d) of the Exchange Act,

which is absent from the Chicago Cases. Plaintiff also adds several Defendants that are

not included in the Chicago Cases. But apart from that, Plaintiff alleges the same claims

against the same defendants as the Chicago Cases.[1]

Because this case is so similar to the Chicago Cases, Defendants move to transfer it to the Northern District of Illinois in hopes of joining the consolidated proceedings.

## ANALYSIS

Defendants believe the Court should transfer this case for one of two reasons: (1) the first-to-file rule and (2) 28 U.S.C. § 1404. Plaintiff's primary argument in opposition is that the parties agreed to a forum-selection clause that bars transferring this action. The Court will first discuss whether the forum-selection clause governs the present dispute and then decide if this case should be transferred.

### I.    Forum-Selection Clause

As an initial matter, Plaintiff argues that Defendants' motion must be denied because this action is subject to a validly negotiated and binding forum selection clause. As background, in April 2020, counsel for Plaintiff sent a letter to Fifth Third seeking production of corporate records pursuant to Ohio Revised Code § 1701.37(c). Fifth Third agreed to produce the requested documents so long as Plaintiff signed a confidentiality agreement ("NDA"). After negotiating, the parties executed an NDA that included a forum selection clause. (Doc. 19-2 at ¶ 12.) Now, Plaintiff argues "[t]he existence of the forum selection clause dooms Defendants' motion." (Doc. 19 at p. 3.)

The Court disagrees. Plaintiff's argument fails for two independent reasons. First, the forum selection clause in the NDA does not govern the present dispute. The

---

[1] Plaintiff admits that "[t]he Chicago Cases assert[] the same claims as [him] with the exception of the Section 21D claim for contribution under the Exchange Act [and that] [t]he Chicago Cases fail to assert claims against Fifth Third's former Chief Risk Officer and Board members who served at the time the alleged wrongdoing occurred." (Doc. 19 at p. 6.)

3

express terms of the NDA state that "this Agreement shall govern the inspection, handling, and use . . . of all information made available . . . in connection with the [d]emand . . . by [Plaintiff] for inspection of books and records or other information of the Company." (Doc. 19-2 at p. 2.) In other words, the NDA governs the confidentiality of Fifth Third's document production under O.R.C. § 1701.37(c) and was clearly focused on preventing the disclosure of Fifth Third's internal corporate records. The present shareholder derivative suit falls outside that scope.

Second, and perhaps more important, even if the NDA governed this dispute, the forum selection clause has already been satisfied. It states, in full, that "[Plaintiff] and [Fifth Third] agree that any claim arising out of or instituted in connection with the Confidential Information, this Agreement, or the subjects of the Demand *will be brought* in any court of competent jurisdiction located in Hamilton County, Ohio." (*Id.* at ¶ 12) (emphasis added.) The forum selection clause does not require the parties to continue to litigate those claims here, only that such claims "will be brought" here. Plaintiff has done so.

## II. Transfer Under the "First-to-File" Rule

The Court will begin by analyzing the first-to-file rule and, finding it dispositive, will not address the 28 U.S.C. § 1404 arguments.

The first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first filed suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001). Courts examine three

factors in applying this rule: "(1) the chronology of the events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). Courts must also evaluate whether any equitable concerns weigh against applying it. Each of these considerations are discussed below.

*Chronology*. The first factor weighs in favor of transfer. Although Plaintiff filed his complaint on November 4, 2020, he argues that this action actually began in April 2020 when he sent his demand letter to Fifth Third. But this factor "simply asks which of the two overlapping cases was filed first." *Baatz*, 814 F.3d at 790; *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 476 (6th Cir. 2019) ("In examining the chronology of events, the appropriate dates to consider are when the relevant complaints are filed.") (cleaned up). And here, the Chicago Cases were all filed in the summer of 2020, months before Plaintiff filed suit. The "chronology of events" thus weighs strongly in favor of transfer.

*Similarity of Parties*. The second factor also weighs in favor of transfer. "The first-to-file rule applies when the parties in the two actions 'substantially overlap,' even if they are not perfectly identical." *Baatz*, 814 F.3d at 790 (cleaned up). The Chicago Cases assert claims against nominal defendant Fifth Third plus thirteen current or former Fifth Third directors or officers.[2] Plaintiff includes these same fourteen

---

[2] (1) Fifth Third Bancorp, (2) Greg D. Carmichael, (3) Tayfun Tuzun, (4) Nicholas K. Akins, (5) Jorge L. Benitez, (6) Katherine B. Blackburn, (7) Emerson L. Brumback, (8) C. Bryan Daniels, (9) Thomas H. Harvey, (10) Gary R. Heminger, (11) Jewell D. Hoover, (12) Eileen A. Mallesch, (13) Michael B. McCallister, and (14) Marsha C. Williams.

defendants in his lawsuit but also names eight additional defendants.[3]  Yet the eight

newly named defendants are all also current or former Fifth Third directors or officers.

There is thus "substantially overlap" amongst the parties since more than half the

defendants in this lawsuit are already named in the Chicago Cases, and the additional

eight defendants all share similar or identical roles in the company as those defendants.

*Similarity of Issues or Claims*.  The third factor also weighs heavily in favor of

transfer.  "Just as with the similarity of the parties factor, the issues need only to

substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791.

Here, there is substantial overlap amongst the claims since both cases assert causes of

action for breach of fiduciary duties, unjust enrichment, violations of Sections 14(a) and

10(b) of the Exchange Act, and violations of SEC Rule 10b-5.  Moreover, the underlying

issues are identical.  Both cases are based on alleged misconduct by Fifth Third's

directors and officers regarding false and misleading statements and omissions related

to alleged employee misconduct with customer accounts.

*Equitable Considerations*.  Since all three factors are satisfied, the Court must

now consider whether any equitable concerns weigh against application of the first-to-

file rule.  Such factors include "extraordinary circumstances, inequitable conduct, bad

faith, anticipatory suits, and forum shopping." *Zide*, 16 F. App'x at 437.  Plaintiff argues

that "the gamesmanship is obvious," because Defendants forced him to file his lawsuit

here (via the forum selection clause of the NDA) and then subsequently moved to

─────────────────────────
[3] (1) Frank Forrest, (2) B. Evan Bayh III, (3) Jerry W. Burris, (4) Darryl F. Allen, (5) Ulysses L. Bridgman, Jr., (6) James P. Hackett, (7) Kevin T. Kabat, and (8) Hendrik G. Meijer.

6

transfer the case to another forum. (Doc. 19 at p. 9.) But this argument is unavailing since the Court already determined that the forum selection clause does not apply. Regardless, "declining to apply the first-to-file rule should be done rarely," *Baatz*, 814 F.3d at 793, and the equities do not demonstrate that this is one of those rare cases.

In fact, the Court believes equity strongly favors transfer. As the Sixth Circuit has stated, the first-to-file rule is a "prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Id*. at 789. The rule "encourages comity among federal courts of equal rank," "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id*. (citations omitted). Bearing those considerations in mind, this is a prime case for application of the first-to-file rule: if it is transferred and consolidated with the Chicago Cases, Plaintiff "would be litigating exactly the same issues and claims [he] seeks to litigate in this case with the goal of obtaining exactly the same relief." *Id*. at 792.

## CONCLUSION

For the reasons above, Defendants' Motion (Doc. 16) is **GRANTED**. The Court directs the Clerk to transfer this action to the Northern District of Illinois.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

7